**Benny T. ROZELL, Petitioner,**

v.

**Charles A. STIEFERMANN,
Respondent.**

**No. WD 38055.**

Missouri Court of Appeals,
Western District.

Jan. 13, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 3, 1987.

Application to Transfer Denied
April 14, 1987.

Harold J. Fisher and John E. Price, Woolsey, Fisher, Whiteaker & McDonald, Springfield, for petitioner.

William L. Webster, Atty. Gen., Edward F. Downey, Asst. Atty. Gen., Jefferson City, for respondent.

Before GAITAN, P.J., and DIXON, and TURNAGE, JJ.

TURNAGE, Judge.

Benny T. Rozell brought this libel suit against Charles A. Stiefermann, individually and as Director of Staff of the Missouri Clean Water Commission. The petition alleged that Stiefermann wrote a letter containing the defamatory statement that Rozell, an engineer, violated the Clean Water Law by failing to obtain construction permits. Stiefermann filed a motion to dismiss on the ground that the petition failed to state a claim. The court dismissed the cause, holding that Stiefermann was protected by official immunity.

Rozell contends that the petition alleged willful acts by Stiefermann and that such acts would negate Stiefermann's official immunity defense. Stiefermann, in turn, denies that the petition's allegations are sufficient to overcome the official immunity accorded him as a state official. Stiefermann further claims that absolute privilege

protects him from suit. Reversed and remanded.

The court entered judgment in this case following the filing of the petition and the motion to dismiss (with Suggestions in Support). The record contains no evidentiary materials, such as depositions or affidavits.

Stiefermann contends his acts were absolutely privileged, because he is a government official and he wrote the letter in the performance of duties imposed upon him by law. Rozell argues that Stiefermann is not the type of government official who is entitled to absolute privilege.

If Stiefermann's acts were indeed protected by absolute privilege, he cannot be held liable for defamatory acts—even those committed in bad faith or with malice. *Williams v. School District of Springfield R–12*, 447 S.W.2d 256, 268[21, 22] (Mo. 1969). In discussing absolute privilege, the *Williams* court stated:

Absolute privilege is confined to relatively few situations. It is accorded to judicial proceedings, legislative proceedings, [and] proceedings of executive officers charged with responsibility of importance
. . .

447 S.W.2d at 269[23].

There do not appear to be any Missouri cases defining the phrase "proceedings of executive officers charged with responsibility of importance" or showing how to determine whether a particular officer falls within that category. However, in *Montgomery v. City of Philadelphia*, 392 Pa. 178, 140 A.2d 100, 105 (1958), the court recited the factors pertinent to such a determination:

It has been suggested that the determination of whether a particular public officer is protected by absolute privilege should depend upon the nature of his duties, the importance of his office, and particularly whether or not he has policy-making functions.

█ In attempting to decide whether or not Stiefermann would be entitled to an absolute privilege, this court is unable to determine the status Stiefermann occupies in state government in order to ascertain the importance of his office, the nature of

his duties, and whether he performs policy-making functions.

There are no evidentiary materials before the court describing Stiefermann's position or duties.

In Stiefermann's brief he states that as Director of Staff of the Missouri Clean Water Commission, he was charged by Section 204.056, RSMo 1978 (re-numbered as § 644.056, RSMo 1986), with the duty of investigating alleged violations of the Clean Water Law. Section 644.056 refers to the "executive secretary" of the Clean Water Commission, but makes no mention of the "Director of Staff." The only statutory reference to the Director of Staff in relation to the Clean Water Commission is found in Section 640.010.2, RSMo 1986, which provides that the Director of the Department of Natural Resources shall appoint a Director of Staff to serve each of the policy making boards or commissions assigned to the Department. The Clean Water Commission was assigned to the Department of Natural Resources by section 640.010.3, RSMo 1986. The parties have not cited (and this court has not located) any statute or state regulation describing the position the Director of Staff of the Clean Water Commission occupies in the hierarchy of state government or spelling out his duties or responsibilities.

In the absence of any record, statute, or regulation from which this court could ascertain the nature or importance of Stiefermann's duties as Director of Staff of the Clean Water Commission, it is impossible for this court to determine whether Stiefermann is entitled to absolute privilege under the doctrine stated in *Williams*.

Stiefermann asserts alternative grounds for holding that he is entitled to absolute privilege, but these likewise cannot be adequately decided without a full record concerning the duties and responsibilities of Stiefermann's position.

█ Stiefermann argues that even if he is not entitled to absolute immunity, he is protected by official immunity. Rozell argues that Stiefermann committed the alleged defamation in bad faith, with malice,

and that official immunity is therefore inapplicable. The parties disagree as to the sufficiency of the petition to allege that Stiefermann wrote the letter with malice or in bad faith. Although the petition could certainly have been pleaded in more exact conformity to the applicable legal standards, Rozell's allegation that Stiefermann knowingly made false statements seems to satisfy the standard announced in *State ex rel. Twiehaus v. Adolf,* 706 S.W.2d 443, 447[4, 5] (Mo. banc 1986), that the official immunity defense could be overcome by a showing of "conscious wrongdoing." *Id.*

The judgment is reversed and this cause is remanded to allow the development of a record sufficient to permit the court to determine the applicability (*vel non*) of absolute privilege and to decide such other matters as the parties may present. Obviously, it would be desirable for the parties to request the trial court to enter findings of fact and conclusions of law, which would assist this court in the event of another appeal.